**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GERALDINE DAR DAR,**

       Plaintiff,

v.                                  Case No. 8:04-cv-1055-T-24TBM

**ASSOCIATED OUTDOOR CLUB, INC.**
**d/b/a TAMPA GREYHOUND TRACK,**

       Defendant.
_____/

**O R D E R**

THIS MATTER is before the court on the following motions:

(1) **Plaintiff's Amended Motion to Compel Production of Documents**[1] (Doc. 37) and Defendant's response (Doc. 46);

(2) **Defendant's Motion to Strike Plaintiff's Motion to Compel, Amended Motion to Compel and Notice to the Clerk and Court** (Doc. 44) and Plaintiff's response (Doc. 49);

(3) **Plaintiff's Pro Se Motion for Appointment of Court Officer Under Rule 28 and Rule 30(b)(4) of the Federal Rules of Civil Procedure to Administer Oath & Required Statements on Tape** (Doc. 39) and Defendant's response (Doc. 45);

(4) **Plaintiff's Pro Se Motion [for] Court Approval of Deposition Procedure at Plaintiff's Video-Tape[d] Depositions** (Doc. 40) and Defendant's response (Doc. 45); and

---

[1] **Plaintiff's Motion to Compel Production of Documents** (Doc. 35) is **DENIED** as moot.

    (5)    **Plaintiff's Pro Se Motion for Leave to Take Sixty-two (62) Depositions** (Doc. 41) and Defendant's response (Doc. 45).[2]

By her amended motion to compel (Doc. 37), Plaintiff seeks an Order compelling Defendant to produce numerous documents responsive to her Request for Production of Documents, which was served on or about January 19, 2005. For the reasons set forth below, Plaintiff's motion (Doc. 37) is **GRANTED in part** and **DENIED in part**.

Plaintiff first seeks to compel the name, address and telephone numbers of thirty-two past or present employees of Defendant and the last names of five of thirty-two individuals named.[3] Defendant responds that, while Plaintiff's request should have been presented in the form of interrogatories, it compiled a list of the contact information requested and forwarded such to Plaintiff on March 22, 2005. (Doc. 46 at 2). Plaintiff attaches a copy of her receipt of documents to a subsequent pleading, and these requests for contact information are included.[4] See (Doc. 47, Exh. B). Accordingly, this aspect of Plaintiff's motion is **DENIED** as moot.

Plaintiff next seeks to compel "a copy and/or description by category and location of all documents, data, compilation, and tangible things that are in possession, custody or control of Defendant" in relation to forty-nine requests covering the period of time from 1999 to

---

[2] Plaintiff also filed a reply memorandum (Doc. 50). However, the court did not request such filing, and thus, it is **STRICKEN** pursuant to Local Rule 3.01(b). See M.D. Fla. R. 3.01(b).

[3] These requests are included in section A of Plaintiff's Request for Production of Documents. See (Doc. 35, Exh. A).

[4] Defendant's response does not contain addresses or phone numbers for every person, however, it appears to the court that it provided what information it had. At present, the court will not require any further contact information.

present.[5] (Doc. 37 at 8-9). As for Request Nos. 4-9, 19, 22, 25, 37, 42, and 44, Defendant indicated in its response to these requests that "[r]elevant documents responsive to th[ese] request[s] will be produced at a time mutually convenient to the parties to the extent that such documents exist." (Doc. 35, Exh. B). Defendant indicated further that, as for Request No. 15, which sought "any and all EECO's (sic) complaint(s)," it would produce such to the extent that Plaintiff seeks the EEOC charge in this case, and, as for Request No. 20, which sought all complaints of sexual harassment/discrimination against Defendant's employees or customers, it would produce such to the extent that the complaints requested involve the parties in this case. Id. The court is unable to ascertain from Plaintiff's instant motion or Defendant's response whether all documents responsive to these requests were provided or made available to Plaintiff.[6] However, in a subsequent pleading, Plaintiff alleges that she has not received documents responsive to Request Nos. 4-9, 15, 20, 22, 25, and 37. (Doc. 47 at 11). To the extent that the Defendant has possession, custody or control of these documents and they have not as yet been produced,[7] Defendant shall, within ten (10) days of the date of this Order, make these documents available for Plaintiff's review at a mutually agreed upon time and place or provide Plaintiff copies of such at her expense. In the event that Defendant has

---

[5]These requests are included in section B of Plaintiff's Request for Production of Documents. See (Doc. 35, Exh. A).

[6]Plaintiff indicates in a subsequent pleading that she received seventy-six documents from Defendant on March 22, 2005. (Doc. 47).

[7]Despite her contention to the contrary, the court notes that Plaintiff acknowledged already receiving some of these documents. (Doc. 47, Exh. B).

produced all documents responsive to these requests, or it has determined that it has none, it shall so certify in writing to Plaintiff.

As for the remaining requests out of the forty-nine, Defendant is correct that Request Nos. 1 and 3 are vague and not limited in scope to the issues in this case. In particular, Request No. 1 seeks "TGT's copy and description of a formal Complaint for years 1999 through present, including updates of same," and Request No. 3 seeks "TGT's application for employment for years 1999 through present, including updates of same." In her instant motion, however, Plaintiff attempts to explain in greater detail the documents for which she seeks in those requests. See (Doc. 37 at 10, 12). To the extent that Request No. 1 seeks a copy of the formal complaint that was filed against her and Defendant's documented responses to the same, the document(s) sought appear discoverable. As for Request No. 3, to the extent that it seeks copies of the employment applications Defendant utilized from 1999 through 2003, which had printed on them Defendant's zero tolerance sexual harassment policy, such also appears discoverable. As for Request No. 2, while the court initially agrees with Defendant that this request is vague, i.e., "TGT's copy and description of a logged complaint," Plaintiff's instant motion clarifies that she seeks a copy of the logged complaint that was the basis for her termination. Documents pertaining to such clearly are relevant to Plaintiff's claim of retaliation. Thus, while Defendant cannot be faulted for not producing documents in response to these requests, in her instant motion Plaintiff has adequately clarified the documents sought in these requests. In order to advance the case and avoid needless additional pleadings, within ten (10) days from the date of this Order, Defendant

shall make available to Plaintiff documents responsive to Request Nos. 1-3 to the extent such exist in the manner described above.

As for Request No. 16, which seeks "any and all disciplinary actions taken against TGT and/or employees," the request is overbroad. To the extent that Plaintiff seeks documents revealing disciplinary action taken against her alleged harassers for conduct related to her, the Defendant shall make available or produce such <u>within ten (10) days</u> from the date of this Order. Regarding Request Nos. 28-30,[8] Defendant originally objected to the scope of these requests but indicated that documents regarding discipline and complaints of harassment would be produced at a time mutually convenient to the parties. It would appear that no such documents have been produced. If not, to the extent that such information is in the possession, custody or control of the Defendant, <u>within ten (10) days</u> from the date of this Order, Defendant shall make such documents available or produce such to Plaintiff. As for Request Nos. 31-36, the court is unable to determine the relevance of the Plaintiff's inquiry. Accordingly, absent additional showing, at present, the court will not require further production from any of these files. Regarding Request Nos. 38-41 and 44-46, Plaintiff seeks various documents pertaining to certain supervisors, managers, and personnel officers. To the extent that these individuals authored or compiled documents pertinent to Plaintiff's claims of harassment or retaliatory termination, the Defendant shall make available or produce such <u>within ten (10) days</u> from the date of this Order.

---

[8]Requests Nos. 28- 36 appear directed at personnel files of specified individuals.

As for the balance of Plaintiff's requests in this section, namely, Request Nos. 10-14, 17-18, 21, 23-24, 26-27, 43, and 47-49, the court finds upon the instant showing that they are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, these requests are **DENIED**.

Plaintiff's request next appears to itemize her damages. (Doc. 37 at 63-64). If this is intended as a request for production, it is vague and confusing and the court agrees with Defendant that Plaintiff does not request any specific documents. Accordingly, this portion of Plaintiff's motion is **DENIED**.

Lastly, Plaintiff seeks to compel ". . . any insurance agreement under which any person carrying on an insurance business liable to satisfy part or all of a judgment that made (sic) is entered in the action." (Doc. 37 at 65). Defendant responds that no such documents exist. (Doc. 46 at 2). Thus, accepting Defendant's representation as accurate, this aspect of Plaintiff's motion is **DENIED**.

Regarding **Defendant's Motion to Strike Plaintiff's Motion to Compel, Amended Motion to Compel and Notice to the Clerk and Court**[9] (Doc. 44), Defendant seeks an Order striking certain portions of those pleadings that it contends are prejudicial and slanderous. In particular, Defendant urges the court to strike Plaintiff's allegations or suggestions that it is attempting to hide relevant documents in an attempt to thwart or postpone discovery and is trying to punish her with litigation and maintain the material

---

[9]Plaintiff has filed **Notice[s] to Clerk and Court** (Docs. 36, 55), as well as a **Note to Clerk and Court** (Doc. 48). These filings do not seek particular relief and are therefore unnecessary. Plaintiff is advised that further similar pleadings may be stricken.

requested. Defendant vigorously objects to these allegations and contends that it has complied fully with the discovery process. In support of its request, Defendant cites to Rule 12(f) of the Federal Rules of Civil Procedure, which provides that, ". . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff maintains her allegations and objects to the relief sought. (Doc. 49). Upon consideration, the court finds that the allegations that Defendant seeks to have stricken do not rise to the level of that contemplated in Rule 12(f).[10]  Thus, Defendant's motion to strike (Doc. 44) is **DENIED**.

Regarding **Plaintiff's Pro Se Motion for Appointment of Court Officer Under Rule 28 and Rule 30(b)(4) of the Federal Rules of Civil Procedure to Administer Oath and Required Statements on Tape** (Doc. 39), Plaintiff seeks an Order appointing her as the "qualified court officer" to administer the oath to deponents. For the reasons urged by the Defendant and pursuant to Rule 28(c) of the Federal Rules of Civil Procedure, the motion (Doc. 39) is **DENIED**. Furthermore, as Defendant points out, because Plaintiff may not administer the oath to deponents, her **Pro Se Motion for Court Approval of Deposition Procedure at Plaintiff's Video Tape (sic) Depositions** (Doc. 40), is **DENIED** as moot.[11]

Finally, with respect to **Plaintiff's Pro Se Motion for Leave to Take Sixty-two (62) Depositions** (Doc. 41), Plaintiff seeks leave of court to depose sixty-two individuals who

---

[10]In so concluding, the court does not find that the Defendant has acted inappropriately or has sought to defeat the Plaintiff's right to discovery.

[11]The court will make all reasonable efforts to accommodate Plaintiff's request that it be available via telephone in the event that difficulties arise during a deposition.

7

have "knowledge of the complaints," and she identifies twenty-nine of these individuals in her motion. Defendant urges the court to deny Plaintiff's motion on the basis that Plaintiff fails to identify what information the witnesses may have. (Doc. 45 at 2). The court agrees that, other than the general assertion that these individuals have such knowledge about her complaints and may corroborate them, Plaintiff offers no further justification for the court to approve of this number of depositions. Under the local rules, no more than ten (10) depositions per side may be taken in any case unless otherwise ordered by the court. See M.D. Fla. R. 3.02(b). At this time, Plaintiff's stated reasons for seeking this number of depositions does not warrant the court allowing such. Accordingly, Plaintiff's motion (Doc. 41) is **DENIED without prejudice**.

   **Done and Ordered** in Tampa, Florida, this 19th day of April 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Pro se Plaintiff