UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALDINE DAR DAR,

    Plaintiff,

v().                                                Case No. 8:04-cv-1055-T-24 TBM

ASSOCIATED OUTDOOR CLUB, INC.,

    Defendant.

_____/

**ORDER**

      This cause comes before the Court on two motions: (1) Plaintiff's motion to allow her to submit videotaped depositions (Doc. No. 67), which Defendant opposes (Doc. No. 68), and to which Plaintiff has filed an unauthorized reply brief (Doc. No. 70); and (2) Defendant's motion to strike certain documents filed by Plaintiff (Doc. No. 69), which Plaintiff opposes (Doc. No. 71). Accordingly, the Court will address each motion.

**I. Videotapes**

      Plaintiff filed a motion to allow her to submit videotaped depositions. Plaintiff contends that these videotapes are necessary in order to show the Court the exact words, demeanor, and conduct of the deponents.

      Defendant opposes this motion, because the videos were not taken in accordance with Court rules. Additionally, Defendant points out that there was a court reporter present at the depositions, and Plaintiff has submitted the transcripts of these depositions.

      Upon consideration, the Court denies Plaintiff's motion to submit videotaped depositions. The videotapes are not necessary in order to show the Court the exact words of the deponents,

since a court reported was present. Additionally, the Court does not need to evaluate the demeanor and conduct of the deponents, as the Court is not permitted to evaluate the credibility of the deponents in connection with a motion for summary judgment.

## II. Motion to Strike

Defendant filed a motion to strike two documents filed by Plaintiff: (1) Plaintiff's objections to Defendant's affidavits submitted in support of its motion for summary judgment (Doc. No. 66); and (2) a document entitled, "Plaintiff's Case-Dispositive Motion in Objection to Defendant's Case-Dispositive Motion for Summary Judgment, Statement of Undisputed Material Facts and Supporting Memorandum of Law" (Doc. No. 72), which this Court construes as a response to Defendant's motion for summary judgment. Accordingly, the Court will address each document.

### A. Objection to Affidavits

Defendant contends that the Court should strike Plaintiff's objections to Defendant's affidavits submitted in support of its motion for summary judgment, because it exceeds the twenty-page page limit. The Court has reviewed this document, and while it is quite lengthy, the length is mostly due to Plaintiff inserting portions of depositions verbatim into her document (rather than attaching the depositions as exhibits and referring to the relevant pages). While the Court warns Plaintiff that future submissions should not exceed twenty pages (excluding exhibits), the Court will allow this submission to remain. Accordingly, the Court denies Defendant's motion on this issue.

### B. Response to Defendant's Motion for Summary Judgment

Defendant contends that the Court should strike the document that the Court construes as

a response to Defendant's motion for summary judgment, because the document is seventy-nine pages long, excluding exhibits.  The Court agrees that this document should be stricken for failure to comply with the twenty-page page limit set forth in Local Rule 3.01.  As such, the Court grants Defendant's motion on this issue.  However, the Court will allow Plaintiff to file another response to Defendant's motion for summary judgment that does not exceed twenty pages (with exhibits not counted towards the page limit), as long as she does so by July 11, 2005.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's motion to allow her to submit videotaped depositions (Doc. No. 67) is **DENIED**;

(2) The Clerk is directed to return the videotapes to Plaintiff;

(3) Defendant's motion to strike certain documents filed by Plaintiff (Doc. No. 69) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Clerk is directed to strike and return to Plaintiff her "Case-Dispositive Motion in Objection to Defendant's Case-Dispositive Motion for Summary Judgment, Statement of Undisputed Material Facts and Supporting Memorandum of Law" (Doc. No. 72); otherwise the motion is **DENIED**;

(4) The Court construes Plaintiff's objections to Defendant's affidavits submitted in support of its motion for summary judgment (Doc. No. 66) as a motion to disregard the affidavits.  Defendant is directed to file a response to this construed motion by July 11, 2005; and

(5) Plaintiff is directed to file another response to Defendant's motion for summary

judgment that does not exceed twenty pages by July 11, 2005.  Failure to do so will result in the Court considering Defendant's motion for summary judgment without her response.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of June, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiff