UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALDINE DAR DAR,

    Plaintiff,

v.                                                      Case No.  8:04-cv-1055-T-24 TBM

ASSOCIATED OUTDOOR CLUB, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on the Eleventh Circuit's opinion in this case reversing in part and vacating and remanding in part this Court's order granting partial summary judgment and this Court's judgment after a bench trial.  (Doc. No. 134).

**I.  Background**

Plaintiff worked for Defendant, Associated Outdoor Club, Inc., as a pari-mutuel clerk, where she was responsible for punching tickets and assisting customers.  Plaintiff filed suit against Defendant, alleging that it subjected her to a sexually hostile work environment and retaliated against her for complaining about the harassment in violation of Title VII and the Florida Civil Rights Act.  (Doc. No. 18).  Defendant moved for summary judgment on all claims.

With respect to Plaintiff's hostile work environment claims, Plaintiff identified numerous incidents that she characterized as discriminatory, including (1) co-workers touching her buttocks when they passed by her; (2) a co-worker, Tony Guzman, telling Plaintiff that he saw a man in the men's restroom unzip his pants and "a whale of a dick fell in the water;" and (3) a co-worker, Bobby Diaz, asking Plaintiff if she wore "panties with the butt built into them."  The

Court granted Defendant's motion for summary judgment on Plaintiff's hostile work environment claims to the extent that the claims were based on any incidents other than the allegation that co-workers were touching Plaintiff's buttocks when they passed by her. (Doc. No. 77). Plaintiff's hostile work environment claims based on the alleged touching of her buttocks proceeded to a non-jury trial.

After the trial, the Court made the following findings of fact and conclusions of law (Doc. No. 121): The evidence at trial showed that Plaintiff only took issue with two people that touched her buttocks: Jean Reker and Joe Capitano. Both Reker and Capitano were Plaintiff's co-workers; they were also mutuel clerks.

The evidence at trial showed that Reker, a very petite Asian woman who was approximately seventy years old and carried an oxygen tank, touched Plaintiff's buttocks once in March of 2002. The touching occurred after Plaintiff had accused Reker of touching her buttocks. Reker had not touched Plaintiff's buttocks prior to Plaintiff's accusation, so Reker then slapped Plaintiff's buttocks to show her what "touching" was. Thereafter, Reker apologized to Plaintiff.

The evidence at trial showed that Capitano accidently touched Plaintiff's buttocks a few times when he walked past her, since the walkways behind the windows where the mutuel clerks stood were narrow, leaving little room to walk. Specifically, the Court notes that Capitano testified that he only accidentally touched Plaintiff's buttocks once or twice, despite Plaintiff's contention that he touched her buttocks on several occasions. The Court found Capitano's testimony that he accidentally touched Plaintiff's buttocks while walking past her to be credible, and the Court found that Plaintiff did not show that his touching occurred frequently.

The Court found in favor of Defendant on Plaintiff's hostile work environment claims. Specifically, the Court found that Reker's alleged improper touching was not sexual in nature, and as such, it could not support a hostile work environment claim. Additionally, the Court found that Plaintiff did not meet her burden of showing that Capitano's conduct was so severe or pervasive that it materially altered the conditions of Plaintiff's employment. Instead, the Court found that Capitano's conduct merely consisted of accidentally touching Plaintiff's buttocks when he walked past her in a narrow walkway.

Thereafter, Plaintiff appealed the Court's summary judgment order and the Court's adverse judgment that was entered after the bench trial. The Eleventh Circuit reversed in part, vacated and remanded in part, and affirmed in part.

Specifically, the Eleventh Circuit reversed this Court's summary judgment order as to the granting of summary judgment on Plaintiff's hostile work environment claims to the extent that the claims were based on Guzman and Diaz's comments. The Eleventh Circuit stated that when determining whether conduct is sufficiently severe or pervasive, courts must examine the conduct in context and determine under the totality of circumstances whether the harassing conduct is sufficiently severe or pervasive to create a hostile work environment. The Eleventh Circuit found that because this Court denied summary judgment on Plaintiff's hostile work environment claims to the extent that they were based on the alleged touching of her buttocks, this Court could not grant summary judgment to the extent that the hostile work environment claims were based on Guzman and Diaz's comments.[1]

---

[1] However, the Eleventh Circuit noted that if Plaintiff's only allegations of harassment were Diaz and Guzman's comments, it would readily agree that those incidents were not even close to severe enough or pervasive enough to alter the terms or conditions of Plaintiff's

In reversing this Court on this issue, the Eleventh Circuit stated that this Court did not need to conduct any additional evidentiary proceedings on remand if it determines that even if Plaintiff's allegations about Guzman and Diaz's comments were true, that conduct, when added to the evidence of Reker and Capitano's touching of Plaintiff's buttocks, did not equate to sexual harassment.

Because of the reversal of that part of the summary judgment order, the Eleventh Circuit also vacated this Court's order entering judgment in favor of Defendant on Plaintiff's hostile work environment claims after the bench trial. As a result, the Eleventh Circuit remanded the case for a determination as to whether the consideration of Guzman and Diaz's comments alters the Court's resolution of the hostile work environment claims.

## II.  Consideration of Guzman and Diaz's Comments

In responding to Defendant's motion for summary judgment, Plaintiff submitted the following evidence regarding Guzman and Diaz's comments: Plaintiff alleged that Guzman sexually harassed her in January of 2002 by telling her that he saw a man in the men's restroom unzip his pants and "a whale of a dick fell in the water." (Pla. depo, p. 106). Plaintiff thought that Guzman told her the story because she is a woman, so she asked him to tell the story to a male co-worker, Marlow Spivey. (Pla. depo, p. 108). Guzman repeated the story to Spivey.

Additionally, Plaintiff alleges that on November 9, 2002, she punched a ticket for Diaz. (Pla. depo, p. 171). When Diaz walked away, Guzman and Evie Perez stopped Diaz and spoke

---

employment.

to him in Spanish.[2]  (Pla. depo, p. 171).  Thereafter, Diaz came back over to Plaintiff and asked her if she wore "panties with the butt built into them."  (Pla. depo, p. 172).  Plaintiff saw Guzman and Perez giggling while this was occurring.  (Pla. depo, p. 172).  Plaintiff got angry with Diaz and told him that it was none of his business.  (Pla. depo, p. 172-73).

Upon considering this evidence of Guzman and Diaz's comments in addition to the evidence submitted at trial of Reker and Capitano's touching of Plaintiff's buttocks, the Court finds that Plaintiff still has not proven by a preponderance of the evidence that the alleged sexual harassment resulted in a hostile work environment.  As previously stated, the Court found that Reker's alleged improper touching was not sexual in nature, and as such, it could not support a hostile work environment claim.  Additionally, the Court found that Capitano's conduct merely consisted of his accidentally touching Plaintiff's buttocks a few times when he walked past her in a narrow walkway.  However, since Capitano's touching of Plaintiff was accidental, it was arguably not sexual in nature or based on Plaintiff's sex.  Instead, Capitano's touching was an unfortunate result of a narrow walkway.

However, even if Capitano and/or Reker's touching could be considered sexual in nature or based on Plaintiff's sex, consideration of their conduct in addition to Diaz and Guzman's comments would not change the outcome in this case, because it is clear to the Court that these incidents, considered together, were not so severe or pervasive that they materially altered the conditions of Plaintiff's employment.  In determining whether a workplace environment is "hostile" or "abusive," the Court must look at all the circumstances, including the frequency of

---

[2] Plaintiff does not speak Spanish and does not know what Guzman and Perez said to Diaz.  (Pla. depo, p. 172).

the discriminatory conduct; its severity; whether it was physically threatening or humiliating; and whether it unreasonably interfered with Plaintiff's work performance.[3]  Only extreme conduct amounting to a material change in the terms and conditions of Plaintiff's employment is actionable.[4]

The Court finds that Reker, Capitano, Diaz, and Guzman's conduct did not occur frequently, their conduct was not severe, their conduct was not physically threatening or humiliating, and their conduct did not reasonably interfere with Plaintiff's work performance. As such, when considering Reker and Capitano's touching in addition to Diaz and Guzman's comments, the Court cannot find that the incidents were anything other than isolated incidents, and "[g]enerally speaking, 'isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.'" Walton v. Johnson & Johnson Svcs., Inc., 347 F.3d 1272, 1285 n.12 (11th Cir. 2003)(quoting Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)).  Title VII is not a "'general civility code.'" Gupta v. Florida Board of Regents, 212 F.3d 571, 583 (11th Cir. 2000)(quoting Faragher, 524 U.S. at 788). Accordingly, the Court finds in favor of Defendant on Plaintiff's hostile work environment claims.

## III.  Conclusion

The Court has now considered the conduct of Reker, Capitano, Diaz, and Guzman under the totality of the circumstances, and the Court finds that Plaintiff has not proven by a

---

[3] Pattern Jury Instruction 1.2.2, Eleventh Circuit Pattern Jury Instructions (Civil), 2005 edition.

[4] Pattern Jury Instruction 1.2.2, Eleventh Circuit Pattern Jury Instructions (Civil), 2005 edition.

preponderance of the evidence that the alleged sexual harassment resulted in a hostile work environment. As such, the Court adopts and incorporates by reference its prior order entering judgment in favor Defendant (Doc. No. 121) and again directs the Clerk to enter judgment in favor of Defendant on all of Plaintiff's claims.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of January, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiff